# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| RACHEL MCBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: _____ |
| ) | JURY TRIAL |
| ) | |
| WALTER A. WOOD SUPPLY CO., INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, RACHEL MCBEE, by and through his attorneys, alleges for her Complaint as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against WALTER A. WOOD SUPPLY CO., INC., for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"),

## II. THE PARTIES

### A. THE PLAINTIFF

2. Plaintiff, RACHEL MCBEE, currently resides in Georgia and is a citizen of the United States.

3. Plaintiff was an FMLA "eligible employee," specifically under 29 U.S.C. §2611(2)(A), i.e. one who worked more than 1,250 hours in the 12-month period preceding her leave.

## B. THE DEFENDANT

4. Defendant, WALTER A. WOOD SUPPLY CO., INC., ("WAWSC") an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A). It employed Plaintiff in Chattanooga, at 4509 Rossville Blvd, and its principal place of business is Chattanooga, Tennessee.

5. At all times material to this action, Defendant WAWSC has been engaged in commerce as defined by § 2611(1) of the FMLA.

6. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. §1332, diversity of citizenship, as the parties are "citizens" of different states with an amount in controversy to exceed $75,000.

8. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

9. WAWSC began employing Ms. McBee, jointly or dually, through a temporary agency (Ellwood Staffing) in September of 2015. WAWSC provided the work, instructed the work, and supervised the work.

10. WAWSC promoted Ms. McBee to the position of credit and collections manager.

11. In addition to this promotion, WAWSC regular gave Ms. McBee pay raises, with Ms. McBee ending at $16.00 per hour.

12. In addition to the promotion and pay raises, WAWSC complimented Ms. McBee's work ethic and her performance to Ellswood Staffing, so much that Ms. McBee was named Ellswood Staffing's Chattanooga Employee of the Year.

13. After a year of employment, Ms. McBee became eligible for FMLA qualifying leave for a "serious health condition."

14. Ms. McBee did suffer a "serious health condition" in October of 2016. After a fall on October 3, 2016, Ms. McBee experienced lower back pain. Through a series of medical appointments, Ms. McBee learned she had a medical impairment to her ovary which restricted blood flow and was causing her serious pain.

15. Ms. McBee kept WAWSC informed. She provided doctor's notes, she stated the nature of the medical impairment to her ovary (so that WAWSC would have context of the seriousness of the condition), and she asked if more detailed information from her physicians was necessary. WAWSC advised her that the information she provided was sufficient. It did not request she have her physicians complete an FMLA Physician Certification.

16. On October 13, 2016, due to continuing pain, Ms. McBee was admitted at the nearest hospital and then transferred to Parkridge Hospital. She kept her superiors at WAWSC informed, advising them that she was at Parkridge Hospital and did not know if she would be released that night.

17. Jim Hangsteffer (office manager and human resources) and Danny Dudley (Director of Operations) advised Ms. McBee by text message that they hope everything goes well and that it was okay.

18. By Monday, October 17, 2016, Ms. McBee had returned to work and she had advised her superiors that: (a) a surgery would be necessary on her ovary in the hopes that this would

alleviate the pain she had been experiencing, pain which was present at work; (b) surgeries were performed by the physician on Fridays; and (c) she asked whether the upcoming Friday (October 19) would be acceptable for scheduling her surgery.

19. Jim Hangsteffer, specifically, advised Ms. McBee that he understood the circumstances, that her health was most important, and that having the surgery on the 19th was acceptable to WAWCS.

20. Ms. McBee worked Tuesday, October 18, 2016.

21. On Wednesday, Danny Dudley and Jim Hangsteffer called Ms. McBee to the conference room. Mr. Dudley did the talking while Mr. Hangsteffer remained silent. Mr. Dudley stated to a stunned Ms. McBee that WAWSC was "exercising its right to terminate her employment because Tennessee is an at will state."

22. The United States Congress passed the FMLA with the express purpose of allowing employees to balance work and family life by taking reasonable medical leave. 29 C.F.R. §825.101. The FMLA applies to all eligible employees – particularly *including* at will employees. Thus, WAWSC violated the FMLA by terminating Ms. McBee because she intended to take FMLA qualifying leave and offering that she had no rights because she was "at will."

23. As a result of the termination, which was willful in nature, Ms. McBee has suffered lost wages and benefits. She seeks these damages, liquidated damages, and attorneys fees and cost per the FMLA.

### V. COUNT ONE—FMLA INTERFERENCE

24. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-23 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1)

of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA—to wit, denying Plaintiff leave for upcoming surgery and safe return to work.

## VI. – FMLA RETALIATION

25. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-23 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against Plaintiff for exercising her rights under the FMLA—Plaintiff did make a request which qualifies under FMLA and Defendant did use Plaintiff's FMLA qualifying leave or upcoming leave as the motive to terminate her employment.

## VII. PRAYER FOR RELIEF

26. WHEREFORE, the Plaintiff prays for the following relief:

A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

C. Injunctive and declarative relief to include training on FMLA, how "Tennessee at will" is subordinate to the FMLA, how to designate leave, and how to safeguard employment during FMLA qualifying leave;

D. Reasonable attorneys' fees;

E. The costs and expenses of this action;

F. Such other legal and equitable relief to which Plaintiff may be entitled; and

G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT, PLC**

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 504
Chattanooga, TN 37402
(423) 499-3044
(731) 664-1540 *Facsimile*
jgilbert@gilbrtfirm.com

/s Jonathan L. Bobbitt
Jonathan L. Bobbitt (TN Bar No. 23515)
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 664-1540 *Facsimile*
jbobbitt@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*